IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW FRANKLIN, | § | |
| | § | No. 76, 2023 |
| Plaintiff Below, Appellant, | § | |
| | § | Court Below—Court of |
| v. | § | Chancery of the State of |
| | § | Delaware |
| | § | |
| GLENHILL ADVISORS LLC; | § | |
| GLENHILL CAPITAL LP; | § | C.A. No. 2021-1119 |
| GLENHILL CAPITAL | § | |
| MANAGEMENT LLC; GLENHILL | § | |
| CONCENTRATED LONG MASTER | § | |
| FUND LLC; GLENHILL SPECIAL | § | |
| OPPORTUNITIES MASTER FUND | § | |
| LLC; JOHN EDELMAN; GLENN | § | |
| KREVLIN; JOHN MCPHEE; | § | |
| WILLIAM SWEEDLER; | § | |
| WINDSONG DB DWR II, LLC; | § | |
| WINDSONG DWR LLC; | § | |
| WINDSONG BRANDS, LLC; | § | |
| HERMAN MILLER, INC.; and HM | § | |
| CATALYST, INC., | § | |
| | § | |
| Defendants Below, Appellees, | § | |
| | § | |
| and | § | |
| | § | |
| DESIGN WITHIN REACH, INC., | § | |
| | § | |
| Intervenor-Below, Appellee. | § | |

Submitted: July 7, 2023
Decided: September 8, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

(1)    The appellant, Andrew Franklin, filed an action in the Court of Chancery seeking to reopen the court's judgment in *Almond v. Glenhill Advisors LLC*[1] under Court of Chancery Rule 60(b).  After briefing and oral argument, the Court of Chancery dismissed the action, holding that Franklin unreasonably delayed in seeking to reopen the judgment.[2]  The court also determined that Franklin's amended complaint did not sufficiently allege grounds for relief under Rule 60(b).[3]  Finally, the court rejected the defendants' motion for sanctions under Court of Chancery Rule 11, concluding that, although Franklin "has repeatedly made frivolous efforts to reopen a valid judgment," the court could not "confidently conclude that this action was brought in bad faith or with the intention to harass the defendants."[4]  The court emphasized, however, that it was "not excusing Franklin's conduct;" expressed its "expectation that this decision will serve to deter Franklin from any future efforts to revisit the Judgment;" and "cautioned" Franklin that "continuing to press the same arguments may well subject him to Rule 11 sanctions in the future."[5]

---

[1] 2018 WL 3954733 (Del. Ch. Aug. 17, 2018), *aff'd*, 2019 WL 6117532 (Del. Nov. 18, 2019).
[2] *Franklin v. Glenhill Advisors LLC*, 2023 WL 569192, at *5–7 (Del. Ch. Jan. 27, 2023).
[3] *Id.* at *7–10.
[4] *Id.* at *11.
[5] *Id.* at *12.

(2) Franklin has appealed to this Court from the dismissal of his action. After consideration of the parties' briefs and the record on appeal, we affirm the judgment of the Court of Chancery on the basis of and for the reasons stated in the court's January 27, 2023 Memorandum Opinion. Contrary to Franklin's contentions on appeal, the Court of Chancery appropriately accepted Franklin's well-pleaded allegations, and the reasonable inferences to be drawn therefrom, as true in concluding that Franklin engaged in unreasonable delay and failed to state a sufficient basis for relief under Rule 60(b).[6]

(3) The defendants-appellees have moved for an award of attorneys' fees, asserting that Franklin's appeal is frivolous. Although the Court has authority to award attorneys' fees in appropriate cases,[7] we decline to do so here. Like the Court of Chancery, we do not conclude that Franklin's conduct is so "outrageous and abusive" or brought in such "bad faith or with the intention to harass the defendants" as to justify fee shifting.[8] But Franklin has now litigated his claims through trial, an action seeking to reopen the judgment, and two appeals in Delaware, in addition to his attempt at collateral litigation in New York. Therefore, like the Court of

---

[6] *See Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH*, 247 A.3d 229, 234 (Del. 2021) (discussing standards applicable to consideration of motion to dismiss complaint seeking relief from a judgment under Rule 60(b)).

[7] *See, e.g.*, *Gatz Props., LLC v. Auriga Capital Corp.*, 59 A.3d 1223 (Del. 2012) (denying motion for fees incurred in defending appeal because "whether the appellants acted in bad faith in pursuing this appeal is a question possibly requiring findings of fact that are better addressed by the Court of Chancery").

[8] *Franklin*, 2023 WL 569192, at *11–12.

Chancery, we warn Franklin that any attempt at further proceedings might result in fee shifting.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.  The appellees' motion for an award of attorneys' fees is DENIED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice